# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

IN RE ANTHONY J. NICOLAUS,

    Debtor.

No. 18-CV-3018-LRR

**ORDER**

ANTHONY J. NICOLAUS,

    Appellant,

vs.

UNITED STATES OF AMERICA o/b/o INTERNAL REVENUE SERVICE,

    Appellee.

## *TABLE OF CONTENTS*

*I.    INTRODUCTION..........................................................................2*

*II.    STANDARD OF REVIEW.............................................................2*

*III.    FACTUAL AND PROCEDURAL BACKGROUND.......................2*

    *A.    Bankruptcy Court Proceedings...........................................2*
    *B.    Bankruptcy Court Ruling....................................................4*
    *C.    The Appeal..........................................................................4*

*IV.    ANALYSIS....................................................................................5*

    *A.    Parties' Arguments.............................................................5*
    *B.    Applicable Law...................................................................7*
    *C.    Application.......................................................................12*

*V.    CONCLUSION...........................................................................17*

## I. INTRODUCTION

This is an appeal from the United States Bankruptcy Court for the Northern District of Iowa ("Bankruptcy Court"). *See In re Nicolaus*, Bankr. No. 15-01757. The Bankruptcy Court entered a Ruling (Bankruptcy docket no. 135) granting Creditor-Appellee United States of America's ("the government"), on behalf of the Internal Revenue Service ("IRS"), "Motion to Set Aside or Vacate the [Bankruptcy Court's February 8, 2018 Ruling] Sustaining Debtor[-Appellant Anthony J. Nicolaus's] Objection to IRS Proof of Claim No. 2" ("Motion to Vacate") (Bankruptcy docket no. 113). Debtor appeals.

## II. STANDARD OF REVIEW

A district court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). On appeal from a bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 379 (8th Cir. 2000).

## III. FACTUAL AND PROCEDURAL BACKGROUND

### A. Bankruptcy Court Proceedings

On December 30, 2015, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (Bankruptcy docket no. 1). On February 11, 2016, the IRS filed Proof of Claim No. 2. *See* Appellant's Appendix ("Appendix") (docket no. 5-1) at 5-9. The proof of claim listed a total of $92,877.89 in secured and unsecured claims associated with civil penalties for failure to pay withholdings taxes. *Id.* at 8. On January 26, 2017, Debtor filed "Objection to IRS Proof of Claim No. 2 (Bankruptcy docket no. 91). On January 27, Debtor filed "Notice of Objection to Proof of Claim No. 2 and Deadline for Response" (Bankruptcy docket no. 93). Debtor mailed the notice to the following addresses:

> (1) Internal Revenue Service
> P.O. Box 7346
> Philadelphia, PA 19101-7346
>
> (2) Internal Revenue Service
> Attn: Mary Jo Rachford
> 425 Second Street Southeast, Suite 500
> Cedar Rapids, IA 52401

*See* Appendix at 69. On February 22, 2017, Debtor filed a second "Notice of Objection to Proof of Claim No. 2 and Deadline for Response" (Bankruptcy docket no. 96) because the first notice did not include a copy of the objection to the IRS's proof of claim. *Id*. Debtor mailed the second notice, including a copy of the objection, to the same two addresses as the first notice. *Id*. at 70. The IRS did not respond to Debtor's objection by the deadline provided in the second notice.

On March 17, 2017, the Bankruptcy Court entered an "Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2" (Bankruptcy docket no. 97). On December 21, 2017, the government filed the Motion to Vacate. On January 12, 2018, Debtor filed a Response (Bankruptcy docket no. 118) to the Motion to Vacate. On January 19, 2018, the government filed a Reply (Bankruptcy docket no. 120).

On January 29, 2018, the Bankruptcy Court held a telephonic hearing on the Motion to Vacate. *See* Appendix at 167-79 (transcript of the hearing). The government's position was that the IRS cannot sue or be sued; and therefore, in any litigation involving federal taxes, the proper party is the United States. *See* Appendix at 169. The government maintained that Debtor's "Notice of Objection to Proof of Claim No. 2 and Deadline for Response" should have been served on the United States Attorney General and the United States Attorney for the Northern District of Iowa, and because it was not, the Motion to Vacate should be granted. *Id*. at 170. The debtor's position was that service on the United States Attorney General and the United States Attorney for the Northern District of Iowa

3

was unnecessary because "service is not a prerequisite to jurisdiction," and the IRS had proper notice. *Id*. at 171, 173-74. At the close of the hearing, the Bankruptcy Court took the Motion to Vacate under advisement. *See* January 30, 2018 Text Order (Bankruptcy docket no. 126).

### B. Bankruptcy Court Ruling

On February 8, 2018, the Bankruptcy Court entered a "Ruling on Motion to Vacate" ("Ruling") (Bankruptcy docket no. 135). *See generally In Re Nicolaus*, Bankruptcy No. 15-01757, 2018 WL 799152 (Bankr. N.D. Iowa Feb. 8, 2018). The Bankruptcy Court concluded that, "[a]lthough it is clear that Debtor sent basic 'notice' to the IRS, [Debtor] did not serve the United States in the manner required by [Federal Rule of Bankruptcy Procedure] 9014 and . . . 7004." Ruling at 10. The Bankruptcy Court also determined that, because Debtor did not properly serve the United States, the Bankruptcy Court lacked "jurisdiction over the United States when it filed [the] March 17, 2017 [O]rder sustaining Debtor's objection." Ruling at 13. Therefore, the Bankruptcy Court granted the government's motion and vacated the March 17, 2017 Order. *See* Ruling at 13-14.

### C. The Appeal

On February 19, 2018, Debtor filed a Notice of Appeal (Bankruptcy docket no. 139) with the Bankruptcy Court. Pursuant to 28 U.S.C. § 158(c)(1)(A), Debtor elected to have this court hear the appeal.

On April 19, 2018, Debtor filed a Brief ("Debtor's Brief") (docket no. 5). On May 18, 2018, the government filed a Brief ("Government's Brief") (docket no. 6). On June 2, 2018, Debtor filed a Reply Brief ("Reply") (docket no. 7). On September 19, 2018, the government filed a Notice of Supplemental Authority (docket no. 9). On September 24, 2018, Debtor filed a Response to Notice of Supplemental authority (docket no. 10). The matter is fully submitted and ready for decision.

4

## IV. ANALYSIS

Debtor identifies two issues on appeal. First, whether the Bankruptcy Court erred in vacating its March 17, 2017 Order for lack of jurisdiction, because in fact, the IRS's decision to file a claim in Debtor's bankruptcy proceedings established jurisdiction. Second, whether the Bankruptcy Court erred in determining that a claim objection under Fed. R. Bankr. P. 3007(a) required formal service under Fed. R. Bankr. P. 9014(b) and 7004.[1] Because these two issues are intertwined, the court will address them together.

### A. Parties' Arguments

First, Debtor argues that "[t]he [B]ankruptcy [C]ourt's finding of jurisdictional defect was . . . in error." Debtor's Brief at 16. Debtor asserts that "[t]he [IRS] has authority to submit claims in bankruptcy cases on behalf of the United States, and Congress has waived immunity from suit." *Id*. at 17. Debtor maintains that "[t]he IRS's submission of a proof of claim to the [B]ankruptcy [C]ourt on February 11, 2016 was a valid and authorized act." *Id*. at 18-19. Debtor argues that, pursuant to 11 U.S.C. § 106(a)(2), "[t]he United States is not a 'required party' for an objection to an IRS tax claim . . . because Congress said so." *Id*. at 19. Debtor concludes that, based on the IRS's authority to submit a proof of claim in his bankruptcy case, the IRS "was not immune from [his] objection." *Id*. at 20.

Second, Debtor argues that "[a] creditor's submission of a proof of claim in bankruptcy establishes jurisdiction over that claim." *Id*. Debtor maintains that, "[a]t a minimum, the act of submitting a claim in bankruptcy establishes jurisdiction over that claim." *Id*. at 22. Debtor asserts that "[n]o need existed for [him] to re-establish

---

[1] The government frames the issue on appeal as follows: "Whether the Bankruptcy Court correctly vacated its prior order sustaining the objection to the IRS's claim filed by the [Debtor] . . . on the basis that [the Debtor] failed to serve the United States with the claim objection in violation of [Fed. R. Bankr. P.] 3007, 9014, and 7004." Government's Brief at 5.

5

jurisdiction after answering the IRS's claim with an objection" and the Bankruptcy Court's "finding of a void order made without jurisdiction under Rule 60(b)(4) was entered in error." *Id*. at 27.

Third, Debtor argues that the Bankruptcy Court misinterpreted the pre-amendment version of Fed. R. Bankr. P. 3007(a).[2] *Id*. Debtor contends that "the intent and purpose of Bankruptcy Rule 3007(a) was for the [d]ebtor to 'mail[] or otherwise deliver[]' notice and a copy of his objection to the IRS." *Id*. (alteration in original). Debtor asserts that "the 2017 amendments to [Bankruptcy] Rule 3007 only require [Bankruptcy] Rule 7004 service for an officer or agency of the United States, reinforces that 'service of process' is not [a] pre-requisite for claims jurisdiction . . . and that a nested notice/service interaction between [Bankruptcy] Rules 3007, 9014(b), and 7004 was never intended." *Id*. at 28. Debtor maintains that the "better interpretation" of the pre-amendment version of Bankruptcy Rule 3007(a) is that service of process on the IRS and the United States was not required under Bankruptcy Rule 7004. *Id*. at 31. Debtor concludes that the Bankruptcy Court's "decision that a failure to complete service on the United States rendered it without jurisdiction was made [in] error." *Id*. at 31-32.

The government argues that the Bankruptcy Court "properly vacated its order sustaining [Debtor's] claim objection because [Debtor] failed to serve the United States." Government's Brief at 8. The government maintains that the pre-amendment version of

---

[2] Bankruptcy Rule 3007 was amended, effective December 1, 2017, requiring service of the objection and notice to a proof of claim to be on "the person most recently designated on the claimant's original or amended proof of claim" unless "the objection is to a claim of the United States, or any of its officers or agencies" then service is "in the manner provided . . . by Rule 7004(b)(4) or (5)." Bankruptcy Rule 3007(a)(2)(i). However, Bankruptcy Rule 3007(a), in effect at the time relevant to this appeal, simply stated "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant. . . ." Bankruptcy Rule 3007(a) (2007).

6

Bankruptcy Rule 3007 required Debtor to serve his objection to the IRS's proof of claim on the United States by delivering copies of the objection to the United States Attorney General and United States Attorney for the Northern District of Iowa. *See id*. at 9. The government argues that the pre-amendment version of Bankruptcy Rule 3007 was governed by Bankruptcy Rule 9014 because claim objections are contested matters, and contested matters are governed by Rule 9014. *Id*. at 11. Rule 9014(b) requires service to be made in accordance with Bankruptcy Rule 7004, which requires service upon the United States or upon an officer or agency of the United States to be effectuated by serving the United States Attorney General and the United States Attorney for the proper district. *Id*.; *see also* Fed. R. Bankr. P. 7004(b)(4)-(5). The government asserts that, because Debtor failed to serve his objection to the IRS's proof of claim in accordance with Bankruptcy Rule 7004, the Bankruptcy Court correctly determined that Debtor did not properly serve the United States with his claim objection. *See* Government's Brief at 14. The government also asserts that the Bankruptcy Court correctly determined that Debtor's claim objection was void under Fed. R. Civ. P. 60(b)(4) because "it was entered without personal jurisdiction over a party for lack of service of process."[3] *Id*.

## B. Applicable Law

Fed. R. Civ. P. 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void. . . ." A judgment is void, when it is "entered without personal jurisdiction over the defendant for lack of service of process." *In re Gambill*, 477 B.R. 753, 761 (Bankr. E.D. Ark. 2012); *see also Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) ("A judgment is void if the rendering court lacked jurisdiction. . . ."); *Printed Media Services, Inc. v.*

---

[3] Fed. R. Civ. P. 60(b)(4) is made applicable to bankruptcy cases through Fed. R. Bankr. P. 9024.

7

*Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").

"[I]n cases involving the IRS, the real party in interest is the United States of America." *In re Laughlin*, 210 B.R. 659, 660 (B.A.P. 1st Cir. 1997). "It is a well-settled principle that the IRS cannot be sued and that the proper party in actions involving federal taxes is the United States of America." *In re Levoy*, 182 B.R. 827, 832 (B.A.P. 9th Cir. 1995) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)); *see also United States v. Oxylance Corp.*, 115 B.R. 380, 381 (N.D. Ga. 1990) (stating that it is a "well-settled principle that the IRS cannot sue and be sued and that the proper party in actions involving federal taxes is the United States of America"); *In re Morrell*, 69 B.R. 147, 149 (N.D. Cal. 1986) (providing that the IRS "has no capacity to sue or be sued"); *Raimondo v. Hood*, No. 2:17-04254-CV-C-NKL, 2018 WL 3748406, at *3 (W.D. Mo. Aug. 7, 2018) (providing that the IRS may not be sued and the proper party is the United States). Accordingly, "where relief against the IRS is sought through adversary proceeding or contested matter, the United States must be properly served." *Laughlin*, 210 B.R. at 660; *see also In re Schweitzer*, 145 B.R. 292, 293 (E.D. Ark. 1992) ("[I]f the United States . . . is a party in a contested matter, both the United States Attorney and the Attorney General of the United States must be served.").

The pre-amendment version of Bankruptcy Rule 3007 set forth the procedure for noticing a claim objection: "An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing." Fed. R. Bankr. P. 3007(a) (2007). The advisory committee's note to Bankruptcy Rule 3007 sheds light upon its interpretation. It states that "[t]he contested matter initiated by an objection to a claim is governed by [Bankruptcy R]ule 9014." Fed. R. Bankr. P. 3007 advisory committee's note.

8

Bankruptcy Rule 9014(a) provides in pertinent part that: "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Bankruptcy Rule 9014(b) provides in pertinent part that: "The motion shall be served in the manner provided for service of a summons and complaint by [Bankruptcy] Rule 7004." The advisory committee's note to Bankruptcy Rule 9014 is instructive for determining the nature of a contested matter. The advisory committee note states that "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim . . . creates a dispute which is a contested matter." Fed. R. Bankr. P. 9014 advisory committee's note.

Bankruptcy Rule 7004(b)(4) provides in pertinent part that:
> service may be made within the United States . . . as follows:
>
> . . .
>
> (4) Upon the United States, by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to that officer or agency. . . .

In interpreting the foregoing bankruptcy procedural rules, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals explained that:
> Fed. R. Bankr. P. 3007 does not provide the manner of service of the objection to proof of claim. However, the rule's Advisory Committee Note states: "The contested matter initiated by an objection to a claim is governed by rule 9014. . . ." Fed. R. Bankr. P. 9014, which pertains to

contested matters, in turn, makes applicable the service provisions of Fed. R. Bankr. P. 7004.

*Levoy*, 182 B.R. at 834; *see also Schweitzer*, 145 B.R. at 292-93 (providing that a debtor's objection to a claim initiates a contested matter under Bankruptcy Rule 9014, making Bankruptcy Rule 7004 applicable to the manner of service); *Oxylance Corp.*, 115 B.R. at 380-81 (finding that notice of objections to claims by the IRS must be served on the local United States Attorney and the Attorney General of the United States because Bankruptcy Rule 3007 must be read in conjunction with Bankruptcy Rule 9014, as claim objections are contested matters); *In re Sousa*, No. MB 00-095, 2001 WL 933595, at \*1-\*2 (B.A.P 1st Cir. July 19, 2001) (per curiam) (same); *United States v. Filipovits*, No. CIV. A. MJG-95-3049, 1996 WL 627412, at \*2 (D. Md. Aug. 27, 1996) ("Because objections are considered 'contested matters' for the purposes of the Bankruptcy Code, [Bankruptcy] Rule 3007 must be read in conjunction with Bankruptcy Rule 9014 which provides that '[t]he motion shall be served in the manner provided for service of a summons and complaint by [Bankruptcy] Rule 7004.'") (second alteration in original) (quotation omitted)).

Not all courts agree with the interpretation of Bankruptcy Rules 3007, 9014 and 7004 set forth above. For example, the Bankruptcy Court for the District of Kansas rejected:

> a rule which would require that notice of a claim objection and the hearing on the objection be served in accord with Bankruptcy Rule 7004, whether the claimant is a private party or a governmental entity. A claim objection is governed by Bankruptcy Rule 3007, which includes its own notice provision. Bankruptcy Rule 9014 requires service of motions initiating contested matters in the manner of Bankruptcy Rule 7004, but a claim objection is not initiated by motion. The Court finds . . . that notice of a claim objection is sufficient if it complies with Bankruptcy Rule 3007[.]

*In re Hensley*, 356 B.R. 68, 79 (Bankr. D. Kan. 2006); *see also In re Anderson*, 330 B.R. 180, 186 (Bankr. S.D. Tex. 2005) (holding that "mailing as required by [Bankruptcy] Rule

3007 constitutes sufficient and proper service, and that service under Rule 7004 is not required"); *In re Cagle*, No. 07-11689-WHD, 2008 WL 7874772, at *3-*4 (Bankr. N.D. Ga. June 2, 2008) (same).

More recently in *In re Monk*, No. 04-60712-fra13, 2013 WL 4051864, at *3 (Bankr. D. Or. Aug. 9, 2013), the Bankruptcy Court disagreed with the reasoning of *Hensley*, *Anderson*, *Cagle* and similar cases. In *Monk*, the court explained that:

> In essence, [Bankruptcy] Rule 9014(b) provides the manner in which *service* of the objection to claim should be made, while [Bankruptcy] Rule 3007(a) supplements that provision by providing more specific information about who should receive *notice* of the hearing and when. Rule 3007 is not a substitute for service of the objection to [the] claim. The fact that a claim objection is initiated by an objection rather than a motion does not remove the matter from the service requirements of Rule 9014(b).

2013 WL 4051864 at *3. Similarly, in *In re Gordon*, No. BK-S-11-22221-LBR, 2013 WL 1163773, at *2 (Bankr. D. Nev. Mar. 20, 2013), the Bankruptcy Court explained that:

> Bankruptcy Rules 3007, 9014, and 7004 set forth the procedures which must be complied with when objecting to a proof of claim. Rules 3007 and 9014(a) concern *notice*, while the other rules Rules 9014(b) and 7004 are about *service*. These rules act in tandem to govern *service* of the claim objection and *notice* of the hearing about it.

*Id*. The *Gordon* court further stated that "[Bankruptcy] Rule 3007 is not a substitute for *service* of the objection to claim that is required by [Bankruptcy] Rules 9014(b) and 7004. The fact that a claim objection is initiated by filing an objection, rather than a motion, does not render void the service requirement of Rule 9014(b)." *Id*. at *3.

Interpreting Bankruptcy Rules 3007, 9014 and 7004 in accordance with *Levoy*, *Schweitzer*, *Oxylance Corp.*, *Filipovits*, *Monk* and *Gordon*, means that, "when a party seeks relief against the IRS through an adversary or contested matter, the United States is the real party in interest and must be properly served." *Sousa*, 2001 WL 933595 at *2.

11

"If proper service is not effectuated, personal jurisdiction over the United States is lacking, and any judgment entered prior to proper service is void" and "relief under Fed. R. Civ. P. 60(b)(4) is mandatory." *Id*.

## C. *Application*

First, Debtor argues that, pursuant 11 U.S.C. § 106(a)(2), "[t]he United States is not a 'required party' for an objection to an IRS tax claim." Debtor's Brief at 19. The court is unpersuaded by Debtor's argument. § 106 concerns "Congressional intent to abrogate sovereign immunity for certain bankruptcy proceedings." *In re Paloma Generating Co.*, 588 B.R. 695, 724 (Bankr. D. Del. 2018). Specifically, § 106(a) states that "[n]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit[.] . . ." 11 U.S.C. § 101(27) defines "governmental unit" to include a "department, agency, or instrumentality of the United States." Here, the government has not raised sovereign immunity as a defense to Debtor's claim objection. Moreover, "an entity that qualifies as a governmental unit under § 101[(27)] cannot be sued in bankruptcy court unless that governmental unit has independent statutory authority to sue and be sued." *In re Town & Country Home Nursing Services, Inc.*, 112 B.R. 329, 335 (B.A.P 9th Cir. 1990). The IRS does not have independent statutory authority to sue and be sued. "It is a well-settled principle that the IRS cannot be sued and that the proper party in actions involving federal taxes is the United States of America." *Levoy*, 182 B.R. at 832; *see also Oxylance Corp.*, 115 B.R. at 381 (stating that it is a "well-settled principle that the IRS cannot sue and be sued and that the proper party in actions involving federal taxes is the United States of America"). Accordingly, the court finds that the Unites States is a required party for an objection to an IRS claim.

Second, Debtor argues that "[a] creditor's submission of a proof of claim in bankruptcy establishes jurisdiction over that claim." Debtor's Brief at 20. Relying on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), Debtor asserts that the

IRS "filed a proof of claim regarding Debtor's tax debt, thereby submitting itself to the [B]ankruptcy [C]ourt's jurisdiction with respect to that claim" and the IRS "had actual prior notice of the . . . claim objection." Debtor's Brief at 26. Debtor's reliance on *Espinosa* is misplaced. "*Espinosa* stands for the 'limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution even if the plan violates the Bankruptcy Code in some particulars.'" *In re Monahan*, 497 B.R. 642, 651 (B.A.P. 1st Cir. 2013) (quoting *In re Deavila*, 431 B.R. 178, 179 (Bankr. W.D. Mich. 2010)). Here, unlike in *Espinosa*, the government sought vacation of the Bankruptcy Court's March 17, 2017 Order sustaining Debtor's objection to the IRS's proof of claim on the basis of a jurisdictional defect, Debtor's failure to properly serve the United States. *See Zokaites Properties, LP v. La Mesa Racing, LLC*, No. 11-259, 2012 WL 6015818, at *3 (W.D. Pa. Dec. 3, 2012) (distinguishing *Espinosa* because the defendant sought relief from judgment based on a jurisdictional error, failure to effect proper service).

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Bell v. Pulmosan Safety Equipment Corp.*, 906 F.3d 711, 714-15 (8th Cir. 2018) (quoting *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., LTD*, 484 U.S. 97 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of [process] must be satisfied."). As discussed above, it is a "well-settled principle that the IRS cannot sue and be sued and that the proper party in actions involving federal taxes is the United States of America." *Oxylance Corp.*, 115 B.R. at 381. Because "claim objections are contested matters," and the IRS cannot sue or be sued, the United States is a required party in this matter. *Levoy*, 182 B.R. at 834 (citing 8 Collier on Bankruptcy, § 3007.03[1] at 3007-3 (15th ed. 1994)). "[W]hen a party

13

seeks relief against the IRS through an adversary or contested matter, the United States is the real party in interest and must be properly served. . . . '[N]otice to the IRS through its local Special Procedures Staff does not cure the jurisdictional defect.'" *Sousa*, 2001 WL 933595, at *2 (quoting *Laughlin*, 210 B.R. at 661). Even though it is generally "beyond dispute that the bankruptcy court has personal jurisdiction over any creditor whose proof of claim has been objected to because the creditor consents to the bankruptcy court's personal jurisdiction by filing a proof claim," that is not the case here because the United States is a required party in a contested matter. *In re 701 Mariposa Project, LLC*, 514 B.R. 10, 16-17 (B.A.P. 9th Cir. 2014). Accordingly, the court finds that the IRS's submission of a proof claim in this case did not establish jurisdiction because the United States is the real party in interest in a contested matter involving the IRS.

Third, Debtor argues that the proper interpretation of the pre-amendment version of Bankruptcy Rule 3007(a) is that service of process on the United States was not required under Bankruptcy Rule 7004. *See* Debtor's Brief at 31. The court acknowledges that there is a lack of consensus in the case law regarding whether, under the pre-amendment version of Rule 3007, service of a claim objection required compliance with Bankruptcy Rule 7004 or whether compliance with Rule 3007 alone was sufficient. The court also acknowledges that there is no controlling case law in the Eighth Circuit addressing this issue. However, having reviewed the case law, the court finds that Debtor's interpretation of the pertinent procedural bankruptcy rules is unpersuasive. Further, the court finds that the greater weight of authority supports the interpretation that the pre-amendment version of Rule 3007 required a debtor to make service in accordance with Bankruptcy Rules 9014 and 7004.

The pre-amendment version of Bankruptcy Rule 3007 set forth the procedure for noticing a claim objection. *See* Fed. R. Bankr. 3007(a) (2007) (providing in pertinent part that "[a] copy of the objection with notice of the hearing thereon shall be mailed or

otherwise delivered to the claimant . . . at least 30 days prior to the hearing"). The advisory committee's note to Rule 3007 states that "[t]he contested matter initiated by an objection to a claim is governed by [Bankruptcy R]ule 9014." Fed. R. Bankr. P. 3007 advisory committee's note. Bankruptcy Rule 9014(b) provides in pertinent part that "[t]he motion shall be served in the manner provided for service of a summons and complaint by [Bankruptcy] Rule 7004." The advisory committee's note to Bankruptcy Rule 9014 states that "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim . . . creates a dispute which is a contested matter." Fed. R. Bankr. P. 9014 advisory committee's note. In the present case, Bankruptcy Rule 7004(b)(4) requires that "service may be made within the United States" by mailing a copy of the objection to "the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy . . . to the Attorney General of the United States at Washington, District of Columbia."

In *Levoy*, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals explained that:

> Fed. R. Bankr. P. 3007 does not provide the manner for service of the objection to a proof of claim. However, the rule's Advisory Committee Note states: "The contested matter initiated by an objection to a claim is governed by rule 9014. . . ." Fed. R. Bankr. P. 9014, which pertains to contested matters, in turn, makes applicable the service provisions of Fed. R. Bankr. P. 7004.

182 B.R. at 834. Similarly, in *Morrell*, the district court stated that "proper service of the objections to the IRS claims required service . . . upon the United States Attorney for the [district where the action was brought] and the Attorney General of the United States at Washington, D.C." 69 B.R. at 149; *see also Laughlin*, 210 B.R. at 660 (stating that "where relief against the IRS is sought through . . . [a] contested matter, the United States

15

must be properly served"); *Schweitzer*, 145 B.R. at 292-93 (stating that "if the United States . . . is a party in a contested matter, both the United States Attorney and the Attorney General of the United States must be served"); *Gordon*, 2013 WL 1163773, at *2 ("Bankruptcy Rules 3007, 9014, and 7004 set forth the procedures which must be complied with when objecting to a proof of claim. Rules 3007 and 9014(a) concern *notice*, while the other rules  Rules 9014(b) and 7004  are about *service*. These rules act in tandem to govern *service* of the claim objection and *notice* of the hearing about it"); *Filipovits*, 1996 WL 627412, at *2 ("Because objections are considered 'contested matters' for the purposes of the Bankruptcy Code, [Bankruptcy] Rule 3007 must be read in conjunction with Bankruptcy Rule 9014 which provides that '[t]he motion shall be served in the manner provided for service of a summons and complaint by [Bankruptcy] Rule 7004.'") (second alteration in original) (quotation omitted)).

Further, in *Monk*, the court addressed the difference between notice and service:

> In essence, [Bankruptcy] Rule 9014(b) provides the manner in which *service* of the objection to claim should be made, while [Bankruptcy] Rule 3007(a) supplements that provision by providing more specific information about who should receive *notice* of the hearing and when. Rule 3007 is not a substitute for service of the objection to [the] claim. The fact that a claim objection is initiated by an objection rather than a motion does not remove the matter from the service requirements of Rule 9014(b).

2013 WL 4051864 at *3; *see also Gordon*, 2013 WL 1163773, at *3 ("Rules 3007, 9014, and 7004  the interrelated mechanisms for notice and service under the Bankruptcy Rules  are a coherent scheme of the procedural due process safeguards which must be afforded for claims objections; one rule does not replace, or 'defer' to the other. . . . Rule 3007 is not a substitute for *service* of the objection to claim that is required by Rules 9014(b) and 7004.").

The foregoing interpretation of Rules 3007, 9014 and 7004 means that:

16

> [W]hen a party seeks relief against the IRS through . . . [a] contested matter, the United States is the real party in interest and must be properly served. . . . [N]otice to the IRS . . . does not cure the jurisdictional defect. If proper service is not effectuated, personal jurisdiction over the United States is lacking, and any judgment entered prior to proper service is void. Furthermore, if the judgment or order complained of is void, relief under Fed. R. Civ. P. 60(b)(4) is mandatory.

*Sousa*, 2001 WL 933595, at *2 (quotations and citations omitted).

Here, Debtor did not properly serve on the United States his objections to the IRS's proof of claim. The notice provided by Debtor to the IRS was not sufficient, as the United States was the real party in interest. Because Debtor did not properly serve the United States, the Bankruptcy Court lacked jurisdiction over the United States when it filed its March 17, 2017 Order sustaining Debtor's objection. Thus, the March 17, 2017 Order was void. The Bankruptcy Court did not err in vacating the March 17, 2017 Order pursuant to Fed. R. Civ. P. 60(b)(4). Accordingly, the court shall affirm the Bankruptcy Court's February 8, 2018 Ruling granting the government's motion to vacate the March 17, 2017 Order.

## V. CONCLUSION

The Bankruptcy Court's February 8, 2018 Ruling granting the United States's Motion to Vacate the Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2 is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of January, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA